UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL AZCONA,<br><br>                         Plaintiff,<br><br>                    -against-<br><br>STATE OF NJ; NEW BRUNSWICK POLICE DEPT.; NJ DOC STAFF MALE AND FEMALE; US MARSHALS; CAMDEN COUNTY DRUG COURT; FBI – FEDERAL BUREAU OF INVESTIGATION,<br><br>                         Defendants. | 24-CV-0568 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action alleging violations of his rights by various New Jersey

Defendants, including the New Brunswick Police Department, the Camden County Drug Court,

"NJ DOC Staff Male Female," and the State of New Jersey.[1] For the following reasons, the Court

transfers this action to the United States District Court for the District of New Jersey.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

---

[1] Plaintiff brought an earlier action when he was a detainee in Camden County Correctional Facility, which was dismissed when he failed to provide a current address upon his release, and later reopened. *See Azcona v. New Jersey*, No. 21-CV-17123 (RMB) (AMD)(D.N.J). He also brought a prior action in this Court that was transferred to the United States District Court for the District of New Jersey. *See Azcona v. NJ DOC Staff*, No. 23-CV-8369 (LTS) (S.D.N.Y. Sept. 22, 2024).

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff's complaint is nearly illegible, and it is difficult to determine the nature of his claims or what took place. Most of the defendants are New Jersey entities (the State of New Jersey, the New Brunswick Police Department, the Camden County Drug Court, and "NJ DOC Staff"), though Plaintiff also sues the Federal Bureau of Investigation and the United States Marshals Service. Because not all of the defendants are residents of New York, venue is not proper in this district under Section 1391(b)(1).

It is unclear whether any substantial part of the events giving rise to Plaintiff's claims took place in this district. Plaintiff indicates that he is homeless and does not provide any address of record; his last known address was in New Jersey.[2] In the complaint, Plaintiff mentions issues with his paperwork with the Camden County Drug Court, a fugitive warrant, identity theft, New Jersey Governor Phillip Murphy, and his fear of harm. Plaintiff does refer in passing the New York City subway (ECF 1 at 7), but it is not clear that he brings any claim arising from events in New York. It therefore is not clear that venue lies in this district under Section 1391(b)(2).

Venue under Section 1391(b)(2) does lie in the United States District Court for the District of New Jersey, because a substantial part of Plaintiff's claims appear to have arisen in

---

[2] In the case under docket number 23-CV-8369 (LTS), Plaintiff provided the following address: 525 Market Street, Camden, NJ 08101.

that district. Moreover, most defendants are located in New Jersey, and Plaintiff's last known address is in New Jersey. In the interest of justice, transfer to the United States District Court for the District of New Jersey appears to be appropriate in this case. 28 U.S.C. §§ 1404, 1406.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. 28 U.S.C. §§ 1404, 1406. The Clerk of Court is further directed to mail a copy of this order to Plaintiff at his last known address: 525 Market Street, Camden, NJ 08101. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[3] A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 26, 2024
          New York, New York

                        /s/ Laura Taylor Swain
                        LAURA TAYLOR SWAIN
                        Chief United States District Judge

---

[3] Plaintiff has not submitted an *in forma pauperis* application or paid the filing fees.